UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| DEBORAH J. CANTRELL, | Case No. 3:10-cv-3050-AC |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| COMMISSIONER of Social Security, | |
| Defendant. | |

ACOSTA, Magistrate Judge:

*Introduction*

Deborah J. Cantrell ("Cantrell") filed this action under 42 U.S.C. § 405(g) of the Social Security Act (the "Act") to review the final decision of the Commissioner of Social Security (the "Commissioner") who denied her social security disability insurance and supplemental security income benefits ("Benefits"). This court affirmed the Commissioner's ruling on March 22, 2012. On October 23, 2013, the Ninth Circuit vacated this court's decision and remanded the action to the

Commissioner for reconsideration. Cantrell now moves for an award of attorney fees in the amount of $14,546.09 under the Equal Access to Justice Act (28 U.S.C. § 2412)("EAJA"). The Commissioner opposes Cantrell's request for fees on the ground his position was substantially justified. For the reasons set forth below, the court finds the Commissioner's position was not substantially justified and awards Cantrell EAJA fees in the amount of $14,546.09.

*Background*

On January 31, 2006, Cantrell filed applications for Benefits with an onset date of April 20, 2005,[1] alleging disability based on degenerative disc disease, bulging discs, bursitis, sciatic nerve problems, tendonitis, carpal tunnel syndrome, chronic sinusitis, irritable bowl syndrome, chronic fatigue, fibromyalgia, chronic myofacial pain, bipolar disorder, depression, osteoarthritis, gastroesophageal reflux disease, diabetes, chronic migraines, high cholesterol, asthma, and chronic bronchitis. These applications were denied initially, upon reconsideration, and by Administrative Law Judge Jean Kingrey ("ALJ") after a hearing.

In a decision dated March 27, 2008, the ALJ found that Cantrell suffered from a severe combination of asthma in a smoker/recurrent sinusitis, obesity, mild type II diabetes, heel spurs, an affective disorder (major depression), and a borderline personality disorder. (Admin. R. at 30.) However, the ALJ also found that medical evidence in the record, specifically X-rays and MRIs during 2005 and 2006, did not support Cantrell's allegations that she suffered from degenerative disc disease and disc bulges. (Admin. R. at 31.) The ALJ found Cantrell retained the "residual functional capacity to perform light work . . . except due to respiratory issues, she needs to avoid concentrated

---

[1]Cantrell actually alleged four different onset dates throughout the administrative record. The court considers her onset date to be April 20, 2005, because the ALJ states that Cantrell's disability began on that date, and neither party disputes that finding.

exposure to fumes, gases, et cetera. Employment requiring standing or walking over one half hour continuously is precluded. Close contact with coworkers is precluded. Interaction with the general public is precluded." (Admin. R. at 33.) Accordingly, the ALJ concluded that Cantrell was not disabled under the meaning of the Act at any time from April 20, 2005, through February 21, 2008. (Admin. R. at 27.)

In reaching this conclusion, the ALJ found Cantrell's statement regarding the intensity, persistence, and limiting effect of her pain to be not credible because the majority of her alleged ailments were not supported by objective medical evidence, and the diagnosis of a borderline personality disorder suggested exaggeration. (Admin. R. at 34, 36.) As a result of finding Cantrell's testimony incredible, the ALJ discounted the assessment of Kathy Finley, F.N.P., a treating provider, that Cantrell's headaches, cervical radiculopathy, degenerative disc disease, and bulging discs at the cervical neck would be extremely limiting because she apparently based those limitations entirely on Cantrell's reporting, as radiodiagnostics did not reveal any significant neck impairments. (Admin. R. at 35.) Similarly, the ALJ discounted the report of treating physician Michelle Kaplan, M.D., that degenerative disc disease, asthma, and chronic headaches restricted Cantrell's ability to work, because Dr. Kaplan assumed these impairments existed without objective medical evidence to support such a conclusion. (Admin. R. at 35.)

Cantrell appealed the ALJ's decision to the Appeals Council and provided an x-ray report from the Medford Radiological Group dated March 19, 2008 (the "Report"), which indicated a "straightening of the cervical spine suggestive of underlying muscle spasm" and "marked multilevel degenerative changes . . . with posterior hypertrophic change." (Admin. R. at 544.) The Appeals Council received the Report, as well as a representative brief dated January 2, 2009, making the

newly filed documents a part of the record. The Appeals Council "considered the reasons [Cantrell] disagreed with the [ALJ's] decision and the additional evidence" and "found that this information does not provide a basis for changing the Administrative Law Judge's decision." (Admin. R. at 1-2.) The Appeals Council then denied review and the ALJ's decision became the final decision of the Commissioner on April 8, 2010. (Admin. R. at 1.)

In an Opinion dated March 22, 2012, this court found the ALJ properly discounted Cantrell's testimony based, in part, on the lack of objective medical evidence to support the severity of Cantrell's reported neck pain. *Cantrell v. Astrue*, No. 3:10-cv-03050-AC, 2012 WL 984289, at *11 (D. Or. Mar. 22, 2012). As the limitations identified by Dr. Kaplan and Nurse were based entirely on Cantrell's own reporting and not on objective medical evidence, this court found the ALJ's rejection of the limitations was supported by the record as well. *Id*. at 15-16. This court also noted the ALJ's failure to discuss the Report but found the Report immaterial "because the results were not conclusive of acute pathology that would have supported Cantrell's testimony about the severity of her neck and back pain." *Id*. at *12.

On October 23, 2013, the Ninth Circuit vacated this court's opinion, relying on its recent holding in *Brewes v. Comm'r of Social Security Admin*., 682 F.3d 1157, 1163 (9th Cir. 2012), that "when the Appeals Counsel considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing a the Commissioner's final decision for substantial evidence." The Ninth Circuit explained that "[b]ecause the 2008 x-ray may have implications for the agency's reasons for denying benefits, we vacate the district court's judgment and remand to the district court with instructions to remand to the agency to reconsider its decision in light of the 2008 x-ray and any other additional

evidence that may exist." *Cantrell v. Comm'r of Social Security Admin.*, 543 Fed. Appx. 653, 654 (9th Cir. 2013).

*Legal Standard*

EAJA fees shall be awarded to a prevailing party unless the government can show its position was substantially justified. 28 U.S.C. § 2412(d)(1)(A) (2014). A "substantially justified" position must have a "reasonable bases in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988). This inquiry consists of two parts: "first, whether the government was substantially justified in taking its original action; and, second, whether the government was substantially justified in defending the validity of the action in court." *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988). The reasonableness standard is met if the government's position is "justified in substance or in the main" or "to a degree that could satisfy a reasonable person." *Corbin v. Apfel*, 149 F.3d 1051, 1052 (9th Cir. 1998). The reasonableness of a government action may be informed by relevant precedent. *Kali*, 854 F.2d at 332 ("Perhaps the most important of these extraneous circumstances will be the existence of precedent construing similar statutes or similar facts.")

The government has the burden of establishing substantial justification, as a whole. *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001). This requires the district court to focus on whether the government's position on the particular issue on which the claimant earned remand was substantially justified. *Hardisty v. Astrue*, 592 F.3d 1072, 1078 (9th Cir. 2010); *see also Flores v. Shalala*, 49 F.3d 562, 569 (9th Cir. 1995)(claimant was entitled to attorney's fees unless Commissioner could show "that her position with respect to the issue on which the court based its remand was 'substantially justified.' ") "The government's failure to prevail does not raise a presumption that its position is not substantially justified." *Kali*, 854 F.2d at 334.

*Discussion*

I.  Substantially Justified

*A. Original Agency Action*

The Ninth Circuit remanded this action based solely on the Commissioner's failure to consider the Report.  Accordingly, this court must consider only whether the Commissioner's position on this procedural issue was substantially justified.  *Flores v. Shalala*, 49 F.3d 562, 566 (9th Cir. 1995)("We conclude that we may resolve the question of Flores' entitlement to attorney's fees by considering only the procedural issues on which the district court reversed – specifically, the Secretary's failure to take into account the vocational report discussing claimant's cognitive limitations.  In this case, we need not consider the Secretary's position on any other questions, including the ultimate issue of disability.")

The Ninth Circuit has made it "clear that, in reaching her decision, the Secretary may not reject 'significant probative' evidence without explanation." *Id*. at 570-71.  In *Flores*, the court found that "[i]n light of the importance of the vocational report to Flores's claim of disability and the ALJ's failure to ask about or consider that report, the Secretary's decision to oppose Flores' request for remand was not substantially justified." *Id*. at 571.  Here, the court must determine whether the Report represents significant probative evidence such that the Commissioner's failure to address the Report, and decision to oppose Cantrell's request for remand on that ground, was not substantially justified.

The ALJ found Cantrell failed to meet "her burden to demonstrate degenerate disk disease and bulging disc as a severe impairment" based the absence of medically acceptable clinical and laboratory diagnostic evidence supporting this finding.  (Admin. R. at 31.)  The ALJ noted that a

Page 6 - OPINION AND ORDER                                                                                     *{SIB}*

June 2005 neck x-ray revealed only age-compatible degenerative changes, an August 2005 MRI of the neck was negative except for some minimal spondylosis at C5-6, and an April 2006 MRI of the spine was normal. (Admin. R. at 31.) The ALJ also discounted Cantrell's testimony regarding her back pain, and rejected her treating physicians' opinions regarding Cantrell's physical limitations, at least in part on the absence of objective medical evidence of a medical impairment reasonably expected to produce the reported symptoms and limitations. (Admin. R. at 34-6.) The Report was not part of the record at the time the ALJ issued his decision. Accordingly, the ALJ's decision was reasonable, both in law and fact, and was substantially justified.

The same can not be said for the Appeals Council's denial of Cantrell's request for review. Cantrell submitted, and the Appeals Council received, the Report, making it part of the record. Yet despite the objective medical evidence of marked multilevel degenerative changes in Cantrell's cervical spine contained in the Report, and the ALJ's reliance on the absence of such objective medical evidence in finding Cantrell did not suffer from an impairment due to degenerative disc disease, discrediting Cantrell's reports of pain, and rejecting Cantrell's treating physicians' opinions on her physical limitations, the Appeals Council "found no reason under our rules to review the Administrative Law Judge's decision." The Report provided the objective medical evidence the ALJ indicated on numerous occasions was lacking. The Report was clearly relevant and important, if not crucial, to Cantrell's claims of severe pain and resulting limitations, and the Appeals Council's failure to reject this "significant probative evidence" without explanation was not reasonable.

### B. Litigation Position

In its opposition brief, the Commissioner noted that the ALJ, in particular, "pointed to a lack of objective evidence of severe degenerative disk disease, and the apparent reliance of the physician

on the reports of a patient who was not credible" in rejecting Cantrell's physical limitations as described by her treating providers. (Def.'s Br. at 7.) The Commissioner then argued "[t]his reasoning is specific, legitimate and supported by substantial evidence" despite the evidence of marked multilevel degenerative changes in the record by virtue of the Report. The Commissioner's position that the absence of objective medical evidence to support Cantrell's claims of degenerative disk disease, severe pain, and limitations is supported by the record is not reasonable in light of the Report, which provides objective medical evidence of degenerative disk disease. Accordingly, the Commissioner's position was not substantially justified.[2]

II.  Reasonableness of Fees

In light of the Report, the court has found the Appeals Council's denial of Cantrell's request for review of the ALJ"s decision, and the Commissioner's defense of this position, not substantially justified. Thus, a fee award is appropriate. An award of attorney fees under the EAJ must be reasonable. 28 U.S.C. § 2412(d)(2)(A). The Commissioner does not object to the reasonableness of the hours expended or to the hourly rate claimed. However, this court has an independent duty to review the fee request to determine its reasonableness. *See, e.g., Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

Under the EAJA, and award of attorney fees is limited to $125.00 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability

---

[2]It is possible the Commissioner will find the Report inconclusive of the acute pathology required to support a finding of severe impairment based on degenerative disc disease or Cantrell's testimony about the severity of her neck and back pain. However, Cantrell is entitled to attorney fees under the EAJA whether or not she is eventually found to be disabled. *Corbin*, 149 F.3d at 1053 ("Whether the claimant is ultimately found to be disabled or not, the government's position at each stage must be 'substantially justified.' ")

of qualified attorneys for the proceeding involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The cost-of-living adjustment is determined by multiplying the base EAJA rate ($125.00) by the current consumer price index for urban consumers for the year in which the fees were earned, then dividing by the consumer price index on the date that the cap was imposed by Congress. *Thangaraja v. Gonzales*, 428 F.3d 870, 877 (9th Cir. 2005).

Cantrell seeks reimbursement at the rates of $175.06, 180.59, 184.32, and 187.02 per hour for work performed in 2010, 2011, 2012, and 2013-14, respectively. These rates are consistent with the statutory maximum rates under the EAJA published by the Ninth Circuit. See UNITED STATES COURTS FOR THE NINTH CIRCUIT, STATUTORY MAXIMUM RATES UNDER THE EQUAL ACCESS TO JUSTICE ACT, http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited July 17, 2014).

Cantrell's counsel represents his office spent a total of 79.45 hours representing Cantrell before this court and the Ninth Circuit between September 17, 2010, and February 19, 2014. Tim Wilborn, who became a member of the Oregon State Bar in September 1994, has worked in the social security arena since 1991, and opened his own practice in 1997 to represent social security claimants exclusively, expended 47.05 hours representing Cantrell. Betsy Stephens, who represents that she is an attorney but provides not other information, expended 32.40 hours assisting Wilburn on Cantrell's case.

While the hours requested by counsel exceed the twenty-to-forty hour range most often requested by counsel and granted by district courts in routine social security cases, the court finds the hours reasonable because they include time spent in the Ninth Circuit, which does not routinely occur. Additionally, the Ninth Circuit has cautioned that "courts should generally defer to the

'winning lawyer's professional judgment as to how much time he was required to spend on the case' " based on the reasoning that " 'lawyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their fees' because '[t]he payoff is too uncertain.' " *Costa v. Comm'r of Social Security Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012)(quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). Accordingly, the court finds Cantrell's request for an award of attorney fees in the amount of $14,546.09 under the EAJA is reasonable.

*Conclusion*

Cantrell's application (#31) for award of attorney fees in the amount of $14,546.09 under the EAJA is GRANTED.

DATED this 28th day of July, 2014.

                    /s/ John v. Acosta
                    JOHN V. ACOSTA
                    United States Magistrate Judge